(No. 74-CV-6—)

LEO REGLI, on behalf of, BRIGITTE REGLI, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1974.*
*Amended opinion filed January 27, 1975.*

LEO REGLI, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; PAUL C. WEST, Senior Law Student under supervision of WILLIAM KARAGANIS, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arose out of the death by homicide of Brigitte Regli, 16 years of age, of 1748 Sangamon Street, Crete, Illinois, discovered in December 8, 1973, at Elmscourt Lane, Crete, Illinois. The victim's father, Leo Regli, of 1748 Sangamon Street, Crete, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act" (hereafter referred to as the "Act"), *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds as follows:

1. The claimant herein is the father of a deceased victim of a compensable violent crime, to wit:

Murder, specifically enumerated in paragraph 72 of the Act. (Murder; Ill. Rev. Stats., 1973, Ch. 38, Par. 9-1 (a) (1).

2. That the crime was promptly reported to the applicable law enforcement officials of Will County, Illinois.

3. That at all times claimant has fully cooperated with law enforcement officials in the investigation of this incident.

4. That the assailant or assailants have not been apprehended by law enforcement officials and that the investigation is ongoing by the Will County Sheriff's Police.

5. That there is no evidence to show that claimant, or claimant's deceased daughter were related to or members of the same household of the assailant.

6. There is no evidence that the injury to the claimant's deceased daughter was attributable to her wrongful act or her provocation.

7. Claimant seeks reasonable funeral expenses for their daughter of $1,270.05.

8. Claimant has received no other deductible compensation, pursuant to the Act.

9. Pursuant to par. 77 (d) of the Act, the Court must deduct the first $200 of expenses.

10. That the proof submitted in support of this claim satisfies all of the requirements of the Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the sum of $1,070.05 (ONE THOUSAND SEVENTY DOLLARS AND FIVE CENTS) be awarded Leo Regli for reasonable funeral expenses incurred in the criminal death of Brigitte Regli.

## AMENDED OPINION
### and
### SUPPLEMENTARY ORDER

This court has previously filed its opinion in the above matter awarding compensation to the claimant in the total sum of $1,070.05. However, payment of the said award has been delayed due to an omission in the law concerning certain payment procedures which the General Assembly will remedy as expeditiously as possible.

To expedite a payment of part of the compensation to which the above named claimant is entitled, the court on its own motion orders herewith an immediate partial payment up to the limit which this court is legally authorized to order paid in such claims from the Court of Claims Fund.

Accordingly, the court hereby supplements and amends the opinion and order previously filed in this claim by adding the following further order:

IT IS FURTHER ORDERED that the sum of $999.99 (Nine Hundred Ninety-nine Dollars and ninety-nine cents) be paid to the claimant immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $70.06 be referred forthwith to the General Assembly for its approval.